IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| REGGIE ORLANDO WILLIAMS | § | |
|---|---|---|
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv429 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

<u>ORDER OF DISMISSAL</u>

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be denied. Both parties filed objections.

Petitioner challenges convictions for aggravated sexual assault of a child, sexual assault of a child and indecency with a child. Petitioner asserts the following grounds for review: (1) the prosecutor improperly vouched for the credibility of Complainant; (2) there was insufficient evidence to support the convictions; (3) Petitioner received ineffective assistance of counsel at trial; and (4) Petitioner received ineffective assistance of counsel on appeal. After analyzing each ground for review, the Magistrate Judge concluded each ground for review was without merit.

The objections filed by Petitioner only address the Magistrate Judge's conclusions regarding his first three grounds for review. In his first ground for review, Petitioner, citing two statements made during closing arguments, asserts the prosecutor improperly vouched for the credibility of Complainant. The Magistrate Judge concluded the prosecutor's statements constituted permissible summation of the evidence and suggestions as to the proper deductions to be drawn from the evidence, rather than improper vouching.

In his objections, Petitioner makes no reference to the statements made by the prosecutor during closing arguments. Instead, noting that Complainant made no outcry until after she was incarcerated in the Dallas County Jail, Petitioner asserts the prosecutor and an investigator for Child Protective Services improperly pressured Complainant into making a statement against Petitioner in return for

lenient treatment.

Petitioner did not assert this claim in his state application for writ of habeas corpus. The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997). The doctrine can therefore be relied upon as an adequate and independent state ground for dismissal, forming the basis for application of the procedural default doctrine.[1] *Id*. Accordingly, if Petitioner attempted to raise this claim in a second state application, the Court of Criminal Appeals would dismiss such an application as an abuse of the writ. As Petitioner has not shown cause or prejudice for failing to present this claim in his initial state application, or that a fundamental miscarriage of justice would result if this Court did not consider the claim, consideration of this claim is procedurally barred.[2] In addition, Petitioner has submitted no evidence that anyone improperly pressured Complainant into giving a statement against Petitioner in return for lenient treatment. Accordingly, there is no evidence that either the prosecutor or an investigator acted improperly.

In his second ground for review, Petitioner contends there was insufficient evidence to support the conviction. He argues no evidence was offered to corroborate Complainant's testimony and states there was no evidence indicating Complainant spoke to anyone about the alleged assaults. The Magistrate Judge, after setting forth the elements of the offenses for which Petitioner was convicted, concluded the testimony of Complainant was sufficient to meet the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), for sufficiency of the evidence.

In his objections, Petitioner merely restates the arguments made in his petition. Based on the testimony described by the Magistrate Judge, the Court agrees that the testimony of Complainant, standing alone, was sufficient to permit a rational trier of fact to find the essential elements of the

---

[1] If a state court would dismiss a claim based on an independent and adequate ground for dismissal, a federal habeas petitioner has procedurally defaulted the claim. *Coleman v. Thompson*, 501 U.S. 722, 829 (1991).

[2] A procedural bar may be overcome by demonstrating cause and prejudice for the default or establishing that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Coleman*, 501 U.S. at 749-50.

offenses beyond a reasonable doubt. *See Jackson*, 443 U.S. at 307.

In his third ground for review, Petitioner asserts that even though counsel was aware of Petitioner's "severe mental" condition, counsel failed to consider whether Petitioner could be held responsible for his actions and whether he was competent to stand trial. Based on the lack of evidence in the record regarding petitioner's mental condition, the Magistrate Judge concluded that counsel's failure to pursue an insanity defense or attempt to have Petitioner found incompetent to stand trial did not cause Petitioner to suffer prejudice.

In his objections, Petitioner restates the arguments made in his petition. He also submits documentation indicating that in 2007 he was diagnosed with schizophrenia. Further, in 2006, Petitioner was treated with antidepressants. However, Petitioner's indictment was based on events that allegedly occurred in September, 2008. There is no evidence in the record demonstrating Petitioner was mentally incompetent either in September, 2008, or at the time of trial. In the absence of such evidence, the Court agrees that counsel's failure to pursue an insanity defense, or attempt to have Petitioner found mentally incompetent to stand trial, did not cause Petitioner to suffer prejudice because there is not a reasonable probability either course of action would have been successful.

In her objections, Respondent complains the Magistrate Judge failed to address her contention that the petition was barred by the applicable statute of limitations. However, in light of her recommendation that the petition be denied on the merits, there was no need for the Magistrate Judge to also consider the defense of limitations.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the parties, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**SIGNED this the 27th day of September, 2017.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE